UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MELISSA F.,

                              Plaintiff,

v.                                                          1:20-CV-1363
                                                            (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC              KENNETH HILLER, ESQ.
  Counsel for Plaintiff                          JUSTIN JONES, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                      JASON PECK, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 16.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

## I.    RELEVANT BACKGROUND

## A.     Factual Background

Plaintiff was born in 1975.  (T. 85.)  She completed high school.  (T. 185.)

Generally, Plaintiff's alleged disability consists of learning disability, depression, and

right leg and knee injury.  (T. 61-62.)  Her alleged disability onset date is November 4,

2016.  (T. 89.)  Her date last insured is December 31, 2017.  (T. 86.)  Her past relevant

work consists of cook, housekeeping, laundry attendant, packager, and fast food.  (T.

186.)

## B.     Procedural History

On July 11, 2017, Plaintiff applied for a period of Disability Insurance Benefits

("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the

Social Security Act.  (T. 86.)  Plaintiff's applications were initially denied, after which she

timely requested a hearing before an Administrative Law Judge ("the ALJ").  On

November 4, 2019, Plaintiff appeared before the ALJ, Stephan Bell.  (T. 33-60.)  On

November 18, 2019, ALJ Bell issued a written decision finding Plaintiff not disabled

under the Social Security Act.  (T. 12-32.)  On August 14, 2020, the AC denied Plaintiff's

request for review, rendering the ALJ's decision the final decision of the Commissioner.

(T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

## C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and

conclusions of law.  (T. 17-27.)  First, the ALJ found Plaintiff met the insured status

requirements through December 31, 2017 and Plaintiff had not engaged in substantial

gainful activity since November 4, 2016.  (T. 17.)  Second, the ALJ found Plaintiff had

the severe impairments of: morbid obesity, bilateral trigger fingers status post release,

and osteoarthritis of the right knee status post unicompartmental knee replacement.

(*Id*.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically

equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P,

Appendix. 1.  (T. 20.)  Fourth, the ALJ found Plaintiff had the residual functional capacity

("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)

with additional limitations.  (T. 21.)[1]  The ALJ found Plaintiff could:

> only lift and carry 20 pounds occasionally and ten pounds frequently, and push and pull as much as she can lift and carry; [Plaintiff] can sit, stand and walk for six hours; [Plaintiff] can handle and finger items frequently with the left and right hand; [Plaintiff] can climb ramps and stairs occasionally, climb ladders, ropes, or scaffolds occasionally, and occasionally balance, stoop, kneel, crouch and crawl; and [Plaintiff] can work in vibration occasionally.

(T. 21.)  Fifth, the ALJ determined Plaintiff had no past relevant work; however, there

were jobs that existed in significant numbers in the national economy Plaintiff could

perform.  (T. 26-27.)

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the

pleadings.  Plaintiff argues the ALJ erred in evaluating opinion evidence.  (Dkt. No. 13 at

10-16.)  Plaintiff also filed a reply in which she reiterated her original arguments.  (Dkt.

No. 15.)

### B.    Defendant's Arguments

---

[1]    Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. §§ 404.1567(b), 416.967(b).

In response, Defendant makes one argument.  Defendant argues the ALJ's assessment of medical opinion evidence was supported by substantial evidence.  (Dkt. No. 14 at 5-11.)

## III.   RELEVANT LEGAL STANDARD

### A.   Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

4

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.      Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

Plaintiff argues the ALJ erred while evaluating opinion evidence.  (Dkt. No. 13 at 10-16.)  Specifically, Plaintiff argues the ALJ failed to correctly apply the factors in evaluating the physical consultative examination opinion and the State agency review opinion.  (*Id.*)  The errors, Plaintiff asserts, left the ALJ's RFC and the entire decision unsupported by substantial evidence.  (*Id.*)  For the reasons outlined below, the ALJ properly evaluated the medical opinion evidence in the record and the RFC was supported by substantial evidence.

Under 20 C.F.R. §§ 404.1520c and 416.1520c the ALJ must articulate how he considered certain factors in evaluating medical opinions.  *See* 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c)[2].  The regulatory factors are: (1) supportability, (2) consistency, (3) relationship with the plaintiff (which has five sub-factors of its own to consider), (4) specialization, and (5) other factors.  *Id.* §§ 404.1520c(c), 41.920c(c).  An ALJ must explain his approach with respect to the first two factors when considering a medical opinion, but need not expound on the remaining three.  *Id.* §§ 404.1520c(b), 41.920c(b).

---

[2]      On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844. These final rules were effective as of March 27, 2017. Some of the new final rules state that they apply only to applications/claims filed before March 27, 2017, or only to applications/claims filed on or after March 27, 2017. *See, e.g.,* 20 C.F.R. §§ 404.1527, 416.927 (explaining how an adjudicator considers medical opinions for claims filed before March 27, 2017) and 20 C.F.R. §§ 404.1520c, 416.920c (explaining how an adjudicator considers medical opinions for claims filed on or after March 27, 2017); *see also* Notice of Proposed Rulemaking, 81 Fed. Reg. 62560, 62578 (Sept. 9, 2016) (summarizing proposed implementation process). Here, Plaintiff filed her claim after March 27, 2017.

Here, the record contains two medical opinions from consultative medical sources; however, the record does not contain a medical opinion from a treating source. On November 30, 2017, consultative examiner Nikita Dave, M.D., examined Plaintiff and provided a medical source statement.  (T. 480-484.)  Dr. Dave listed Plaintiff's diagnosis as: right ankle pain status post fracture and surgery; status post right tibial fracture and surgery, currently stable; chronic right knee pain, status post partial replacement; status post cholecystectomy with present right upper quadrant pain; status post gastric bypass surgery; and status post bilateral carpal tunnel surgeries, stable.  (T. 483.)  Dr. Dave opined Plaintiff "may [have] moderate to marked limitations for prolonged standing, walking, squatting, kneeling, climbing, lifting, carrying, pushing, and pulling due to the right ankle and right knee [impairments]."  (T. 483.)

Dr. J. Koenig, M.D., a non-examining Stage agency medical examiner, reviewed the record as of January 10, 2018, and provided a medical source statement.  (T. 70.)  Dr. Koenig opined Plaintiff could perform the exertional demands of light work.  (T. 69.)  The doctor opined Plaintiff could occasionally: climb ramps/stairs/ladders/ropes/scaffolds; kneel; crouch; and crawl.  (T. 69.)  The doctor indicated Plaintiff had no manipulative, visual, communicative, or environmental limitations.  (T. 70.)

The ALJ concluded Dr. Dave's opinion was "somewhat persuasive."  (T. 25.)  The ALJ reasoned, although Dr. Dave was an acceptable medical source, the use of the terms "moderate" and "marked" were "vague," the opinion was provided prior to subsequently developed evidence, and the opinion was "belied by correlating clinical findings" such as normal gait, station, coordination, fine motor dexterity and grip

strength, sensation, and reflexes.  (*Id*.)  The ALJ determined Dr. Koenig's opinion was

"generally persuasive."  (*Id*.)  The ALJ reasoned the doctor was familiar with the

regulations and reviewed the medical evidence of record.  (*Id*.)  The ALJ concluded the

opinion was "generally consistent" with the overall record, including Plaintiff's general

stability during the period at issue, improvement with treatment, and her daily activities.

(*Id*.)

  First, Plaintiff argues the ALJ erred in concluding Dr. Dave's opinion was only

"somewhat persuasive" based on the terms "moderate" and "marked."  (Dkt. No. 13 at

13.)  Plaintiff asserts such terms are not "vague" and were supported by Dr. Dave's

findings on examination of reduced squat and reduced knee range of motion.  (*Id*.)

Here, the ALJ properly considered Dr. Dave's opinion.

  To be sure, medical source opinions using terms such as moderate are not too

vague to constitute substantial evidence where the examiner conducts a thorough

examination and explains the basis for her opinion.  *Filer v. Comm'r of Soc. Sec*., 435 F.

Supp. 3d 517, at 524 (W.D.N.Y. Jan. 24, 2020) (internal citations omitted).  As an initial

matter, the ALJ did not reject Dr. Dave's opinion based on vagueness.  Indeed, as

outline further herein, the ALJ relied on Dr. Dave's opinion together with other evidence

in formulating his RFC determination.  In addition, the ALJ did not evaluate the entirety

of Dr. Dave's opinion based solely on the vagueness of terminology used.  Here, the

ALJ properly took into consideration Dr. Dave's terminology, as well as other factors, in

determining the opinion's overall persuasiveness.

  Indeed, as noted by the ALJ, Plaintiff reported her knee surgery was "quite

helpful."  (T. 23.)  The ALJ considered treatment notations provided after Dr. Dave's

examination that described Plaintiff's gait and coordination as normal, with full range of motion in her lower extremities (aside from flexion of her knees), and full strength.  (*Id.*) In addition, Dr. Koenig reviewed Dr. Dave's examination and medical source statement and opined Plaintiff could perform the specific functional limitations of light work.  (T. 60-70.)  Therefore, the ALJ did not err in concluding Dr. Dave's terminology was vague as one factor in his overall evaluation of the opinion.

Second, Plaintiff argues the ALJ failed to properly address the factor of consistency and evidence in the record supported Dr. Dave's opinion.  (Dkt. No. 13 at 13-14.)Plaintiff argues the ALJ "simply noted the opinion was 'proffered early in the pendency of the claim, prior to the subsequently developed evidence'."  (*Id.* at 13.) Plaintiff asserts this was an error because the ALJ "suggests the evidence was inconsistent without citing what evidence was inconsistent or explaining how it was inconsistent."  (*Id.*)  Plaintiff's argument fails.     To be sure, in his analysis of Dr. Dave's opinion the ALJ did not cite specific evidence in the record to support his conclusion the opined limitations were not consistent with subsequently developed evidence.  (T. 25.) However, the ALJ's reasoning can be gleaned from the record.  *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (quoting *Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983) ("An ALJ is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision.")).  In his written decision the ALJ cited specific objective observations provided after Dr. Dave's examination which consisted of mostly "normal" findings.  (T. 23.)  Although the ALJ did not cite to specific evidence in his discussion of the persuasiveness of Dr. Dave's opinion, the ALJ's reasoning can be gleaned from the

remainder of his decision in which he specifically addressed subsequently submitted evidence.  Overall, the case here is not one where the ALJ's failure to clearly analyze medical opinions of record "prevents meaningful review," and necessitates remand. *Poole v. Comm'r of Soc. Sec.*, No. 1:18-CV-0267, 2020 WL 4805735, at *4 (W.D.N.Y. Aug. 18, 2020).

Plaintiff next argues Dr. Dave's opinion of "moderate to marked" limitation was more restrictive than the RFC for light work.  (Dkt. No. 13 at 14.)  Although ALJs are tasked with resolving conflicts in the record, Plaintiff fails to provide any support of her argument that "moderate to marked" limitations are indeed inconsistent with light work. (*Id*.)  Even assuming Dr. Dave's opinion of "moderate to marked" limitation in standing and walking conflict with the exertional demands light work, any error would be harmless.

Although the ALJ determined Plaintiff retained the RFC for light work, the ALJ also specifically concluded Plaintiff could sit up to six hours in an eight-hour workday which is ultimately consistent with the sitting requirements of sedentary work.  (T. 21.)  If a plaintiff can perform light work, she can also do sedentary work, unless there are additional limiting factors such an inability to sit for long periods of time.  20 C.F.R. §§ 404.1567(b), 416.967(b).  Plaintiff does not assert the ALJ erred in his determination she could sit for up to six hours in an eight-hour day.  (*See generally* Dkt. No. 14.) Indeed, Plaintiff asserts, based on Dr. Dave's opinion of moderate to marked limitations in standing and walking, she would not be able to perform these exertional requirements of light work.  (*Id*. at 16.)[3]

---

[3]        Plaintiff states:

The ALJ posed two hypotheticals to the vocational expert ("VE") during the hearing.  The ALJ's first hypothetical, and ultimate RFC determination, limited Plaintiff to light work with additional non-exertional limitations.  (T. 55.)  The VE testified someone with Plaintiff's vocational factors could perform the occupations of marker (DOT # 209.587-034), weigher (DOT # 299.587-010), and office cleaner (DOT # 323.687-014). (T. 26-27, 55-56.)  The ALJ then asked if any occupations were available if someone with Plaintiff's vocational factors were limited to sedentary work with the same non-exertional limitations and the VE testified Plaintiff could perform the occupations of account clerk (DOT #205.367-014), order clerk (DOT #209.567-014), and callout operator (DOT #237.367-014).  (T. 56.)  The VE further testified Plaintiff could perform the sedentary occupations with the additional non-exertional limitation of handling based on the "revised handbook for analyzing jobs."  (T. 57.)  Therefore, even if the ALJ had limited Plaintiff to sedentary work with additional non-exertional limitations, jobs would still exist in the national economy that Plaintiff could perform.

Next, Plaintiff argues the ALJ failed to properly apply the regulations in his analysis of Dr. Koenig's opinion because he failed to consider the "supportability" factor and had he properly applied the regulations the opinion would be "less persuasive." (Dkt. No. 13 at 14-16.)  Supportability is "the extent to which a medical source's opinion

---

The undersigned notes [Dr. Koenig's] opinion [for light work] was inconsistent with Dr. Dave examining opinion, particularly with regard to standing and walking. Dr. Koenig opined Plaintiff could walk or stand six hours in a workday, while Dr. Dave found moderate to marked limitations in this area.  Overall, the ALJ's reliance on this opinion left the decision unsupported by substantial evidence. This error requires remand as well, as the ALJ relied on Dr. Koenig's opinion for most of the limitations in the RFC.

(Dkt. No. 13 at 16) (internal citations omitted).

is supported by relevant objective medical evidence and the source's supporting explanation." *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 FR 5844-01, 2017 WL 168819, at *5853 (Jan. 18, 2017).  Although the ALJ did not use the term "supportability" in his decision, the ALJ properly applied this requirement of the regulation in evaluating Dr. Koenig's opinion.  The ALJ concluded the "probative value of the opinion" was "increased" due to the doctor's familiarity with the regulations and her review of the medical evidence of the record present at the time of her determination.  (T. 25.)  Therefore, the ALJ properly considered Dr. Koenig's familiarity with the regulations and his review of the evidence, as bolstering the supportability of her opinion.

Further, Plaintiff appears to argue the ALJ erred in relying on the opinion of a non-examining State agency medical consultant.  (Dkt. No. 13 at 15-16.)  The regulations clearly allow an ALJ to consider evidence from examining and non-examining medical consultants.  20 C.F.R.  §§ 404.1513a, 416.913a.  The regulations state, an ALJ:

> will consider prior administrative medical findings and medical evidence from our Federal or State agency medical or psychological consultants as follows: (1) Administrative law judges are not required to adopt any prior administrative medical findings, but they must consider this evidence according to §§ 404.1520b, 404.1520c, and 404.1527, as appropriate, because our Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation.

*Id*. §§ 404.1513a, 416.913a.  As explained, the applicable regulations "do not create an automatic hierarchy for treating sources, examining sources, then nonexamining sources to which [ALJs] must mechanically adhere."  *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 FR 5844-01.  Therefore, Plaintiff's argument, that

the ALJ erred in relying on the opinion of a non-examining source over an examining source fails.

Overall, the ALJ's RFC was supported by the record as a whole.  *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018).  The ALJ properly evaluated the medical opinion evidence in the record and ultimately found Dr. Koenig's opinion persuasive.  (T. 24-25.)  The ALJ also relied on the objective medical evidence provided in the record as well as Plaintiff's reported activity of daily living.  (T. 23-24.)  In the alternative, as outlined above, the VE testified a significant number of light and sedentary jobs existed in the national economy Plaintiff could perform.

Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise."  *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence).  As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision.  *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)).  As the Supreme Court stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:         August 31, 2021

William B. Mitchell Carter
U.S. Magistrate Judge